# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT GERRARD WALKER, | : | CIVIL RIGHT COMPLAINT |
| GDC NO. 1187151, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-0443-TCB |
| | : | |
| UNNAMED, | : | |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff Scott Gerrard Walker ("Plaintiff") has submitted a "WITNESS STATEMENT" which the Clerk of the Court has construed as a 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) Plaintiff alleges that prison officials at the Augusta State Medical Prison in Grovetown, Georgia, used excessive force against him which resulted in an injury to his right arm. (Id. at 1.) Plaintiff also alleges that he did not receive medical treatment for his injury. (Id.) Additionally, Plaintiff claims that he had his legal addresses confiscated, and that he was placed in administrative segregation after being falsely accused of gang activity. (Id.) Plaintiff seeks a restraining order against Warden Dennis Brown and unnamed prison officials. (Doc. 1 at 2.)

The Augusta State Medical Prison is located in the United States District Court for the Southern District of Georgia, Augusta Division. According to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred." As the events alleged in this civil rights action occurred in the Southern District of Georgia and the prison officials presumably live in that district, venue lies in the Southern District of Georgia.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." Given Plaintiff's allegations and in deference to his pro se status, I conclude that the interest of justice will be served by transferring this action to the Southern District of Georgia.

In so concluding, I note that Plaintiff has a pending civil rights action in this Court concerning unrelated matters. See Walker v. Spears, Civil Action No. 1:07-CV-3155-TCB. At the end of the pleading before me, Plaintiff states that he intends to inform this Court of these matters. (Doc. 1 at 2.) Although, the remedy

2

Plaintiff seeks should be pursued in the Southern District of Georgia, I will have a copy of this action placed in his pending civil rights action.

**IT IS ORDERED** that this civil rights action is **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, AUGUSTA DIVISION** along with all orders and pleadings for further proceedings.

The Clerk of the Court is **DIRECTED** to place a copy of this complaint in Civil Action No 1:07-CV-3155-TCB and to docket it as a letter from Plaintiff

**IT IS SO ORDERED**, this 3rd day of March, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE