IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT GERRARD WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-027 |
| | ) | |
| UNNAMED, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The above-captioned case was filed in the Northern District of Georgia, Atlanta Division, pursuant to a "Witness Statement" submitted by Plaintiff, which was construed by the Clerk of Court there as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff's allegations in his Witness Statement concern events that allegedly occurred at Augusta State Medical Prison ("ASMP"), which is located in this District and Division, the Honorable Timothy C. Batten, Sr., United States District Judge, transferred the case to this Court on March 3, 2010. (See doc. no. 4).

However, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). See Loc. R. 4.1. Plaintiff has not filed a complaint pursuant to § 1983, nor has he paid the requisite $350.00 filing fee or submitted a motion to proceed IFP. Furthermore, although Plaintiff mentions Dennis Brown, Warden of ASMP, in his Witness Statement and references actions

taken by unnamed members of a "Cert Team" at ASMP, because Plaintiff commenced this action by filing a Witness Statement instead of a complaint, there currently are no individuals named as Defendants in this action.

Accordingly, if Plaintiff intends to proceed with this case, he **MUST** submit a complaint pursuant to 42 U.S.C. § 1983, and either the $350.00 filing fee or a motion to proceed IFP <u>within twenty-one (21) days of the date of this Order</u>.[1] In his complaint, Plaintiff shall name as Defendants the individuals he contends participated in the alleged misconduct at ASMP. In addition, Plaintiff's complaint shall be filed in accordance with the following instructions.

The complaint shall supersede and replace in its entirety the previous allegations made by Plaintiff in his Witness Statement. See <u>Malowney v. Fed. Collection Deposit Group</u>, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); <u>King v. Dogan</u>, 31 F.3d 344, 346 (5th Cir. 1994). It must be printed legibly or typed so that the Court may discern Plaintiff's claims. <u>It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit</u>. Furthermore, the body of Plaintiff's complaint must contain <u>sequentially numbered paragraphs containing only one act of misconduct per paragraph</u>. The numbered paragraphs in Plaintiff's complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) <u>the names of each and every individual who participated in such misconduct</u>; and (iv) where appropriate, the

---

[1] The **CLERK** is **DIRECTED** to attach the appropriate form complaint and a copy of the standard IFP form used by incarcerated *pro se* litigants filing a civil rights case in Southern District of Georgia to Plaintiff's service copy of this Order.

2

location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] <u>Thus, Plaintiff must name the individuals and/or entities whom he seeks to include as defendants herein in both the caption and the body of his complaint</u>; he may not rely on the fact that individuals are named in the exhibits attached to his complaint as a means of including such persons as defendants to his lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his complaint.

Plaintiff is further cautioned that no portion of the prior Witness Statement shall be incorporated into his complaint by reference. Moreover, Plaintiff shall submit only one complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single complaint filed in accordance with the terms of this Order all the claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, the Court will review the complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case. It is important that Plaintiff communicate with the Court.

---

[2] For example, Plaintiff should not simply state, "See attached documents."

Failure to comply with the terms of this Order within twenty-one (21) days of the undersigned date will result in a recommendation to the presiding District Judge that the case be **DISMISSED** without prejudice.

SO ORDERED this 18th day of March, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE